

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 07-28527-D-13L |
| | Docket Control No. FEC-6 |
| MARIA M. ANGWIN, | |
| | Date: December 15, 2009 |
|             Debtor. | Time: 1:00 p.m. |
| | Dept: D |

## MEMORANDUM DECISION

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

    Maria M. Angwin (the "debtor") has objected to a series of claims of B-Real LLC ("B-Real"), Claim Nos. 4, 7, 10, and 13, as designated on the court's claims register. (As discussed below, all four claims are for the same debt; each proof of claim merely amends the prior one.) For the reasons set forth below, the court will overrule the objection.

### I. INTRODUCTION

    The debtor filed her Chapter 13 petition on October 12, 2007. In her F-Schedule, the Debtor listed a debt of $2,082.12 to Chase Credit Cards.

    On January 29, 2008, B-Real filed a timely proof of claim for $2,082.12, Claim No. 4, and on June 22, 2008, an amended proof of claim, Claim No. 7, for the same amount but with additional documents attached.

    On April 17, 2009, the debtor filed an objection to Claim Nos. 4 and 7. On May 18, 2009, B-Real filed another amended

claim, Claim No. 10, adding more documents. On May 28, 2009, the objection having been rendered moot by the May 18 proof of claim, the debtor withdrew her objection to Claim Nos. 4 and 7.

On August 21, 2009, the debtor filed an objection to Claim No. 10. On October 27, 2009, after that objection had been fully briefed, B-Real filed another amended claim, Claim No. 13, for the same amount but with yet more documentation attached. Claim No. 13 technically rendered moot the debtor's objection to Claim No. 10. In order to circumvent the additional expense and delay of withdrawing one objection and filing another, the parties by stipulation filed November 30, 2009, agreed that the court may rule on the debtor's objection to Claim Nos. 4, 7, 10 and 13, and that the ruling will be with prejudice.

## II. ANALYSIS

This court has jurisdiction over the objection pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).[1] The objection is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

A proof of claim is deemed allowed unless objected to, § 502(a), and if executed and filed according to applicable rules, constitutes prima facie evidence of its validity and amount. Rule 3001(f). If the allegations in a proof of claim "set forth all the necessary facts to establish a claim and are not self-contradictory, they prima facie establish the claim." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). A proof of claim lacking documentation does not qualify for the evidentiary

---

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

benefit of Rule 3001(f), but that by itself is not a basis to disallow the claim. See <u>In re Heath</u>, 331 B.R. 424 (B.A.P. 9th Cir. 2005) (credit card claims).

The objecting party may overcome the presumptive validity of a proof of claim only by offering evidence of equally probative value in rebutting the evidence offered by the proof of claim. <u>Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)</u>, 178 B.R. 222, 226-27 (BAP 9th Cir. 1995). With such an objection, the burden shifts back to the claimant to produce evidence meeting the objection and establishing the claim by a preponderance of the evidence. <u>Consolidated Pioneer</u>, 178 B.R. at 226, quoting <u>In re Allegheny Internat'l, Inc.</u>, 954 F.2d 167, 173-74 (3d Cir. 1992).

In this case, the proof of claim states the elements necessary to establish a claim for money. It states the amount allegedly owed, the basis for the claim (credit card), and the last four digits of the account number. Amended versions of the proof of claim include as attachments one-page documents entitled (1) Bill of Sale, purportedly from Chase Bank USA, N.A. to B-Line, LLC, and (2) Assignment of Accounts and Waiver of Notice of Transfer of Claims, purportedly from B-Line, LLC to B-Real, LLC (Claim No. 7), and a series of credit card statements apparently from Chase Bank to the debtor as cardholder (Claim No. 10). The bill of sale purportedly evidences B-Line's purchase from Chase of a block of accounts, apparently 7,888 of them, having unpaid balances totaling over $56 million.

The copies of the bill of sale and the assignment of accounts attached to Claim Nos. 7 and 10 are without foundation

- 3 -

or authentication. As against admissible evidence tending to refute the presumption, these documents would be inadmissible; however, they are sufficient to raise the presumption of validity for B-Real's claim, pursuant to Rule 3001(f), and to shift the burden of proof to the debtor.

To support her objection, the debtor testifies that although she owed Chase Bank $2,082.12 on account of a credit card account with the same last four digits as those on B-Real's proof of claim, she does not know for sure that either B-Line or B-Real now owns her debt to Chase. She points out that the bill of sale and assignment of accounts refer to an attached "Exhibit '1'" and an attached "Schedule A," respectively, but that the exhibit and schedule are _not_ attached to the copies filed with the proofs of claim. The debtor adds:

> I have never incurred a debt to B-Line, LLC or to B-Real, LLC. I have never done business directly with either of these companies and owe no debt to them, unless it is a debt assigned from another creditor. To my recollection, I have never been notified by Chase of the sale or assignment of either of these debts to anyone, except Mann Bracken. Other than reading the documents that B-Real has filed in the bankruptcy, I have no information that these debts were ever sold or assigned from either Chase or Mann Bracken to B-Line or B-Real.

Supplemental Declaration of Maria Angwin in Support of Objection of Debtor to Claims of B-Real LLC, Filed May 18, 2009, Claims Number 9 and 10, $2,082.12 and $11,789.02 [FRBP 3007; LBR 3007-1], filed October 14, 2009 ("Angwin Declaration"), p. 3.[2]

---

2. The other debt to which the debtor refers is the subject of B-Real's Claim Nos. 5, 8, 9, 11, and 12, which in turn are the subject of a separate memorandum decision and order, filed herewith. According to the debtor, Mann Bracken, LLC, is an entity to which Chase had turned over her second debt for collection.

- 4 -

This testimony sufficiently rebuts the evidence offered by the proof of claim to shift the burden back to B-Real to produce evidence to prove the validity of its claim. In this regard, the court notes again that the copies of the bill of sale and assignment of accounts filed with Claim Nos. 7 and 10 are unauthenticated and therefore inadmissible.

In response to the objection, B-Real filed Claim No. 13, which includes an affidavit of Steven G. Kane, an operations manager for B-Line, LLC. Mr. Kane testifies that in January 2008, Chase assigned "several credit card accounts to B-Line,"[3] which in turn assigned them to B-Real. He adds that the Chase accounts owed by the debtor, which Mr. Kane identifies by account number and balance, "are part of the accounts that were assigned to B-Real in January 2008." Id., ¶5. He refers to the attached assignment of accounts and redacted computer file printouts as pertaining to the debtor's accounts. Id.

The Kane affidavit sufficiently connects the dots between Chase and B-Real insofar as the claims against the debtor are concerned, and establishes B-Real's ownership of the claims by a preponderance of the evidence.

### III. CONCLUSION

For the reasons set forth above, the court will overrule the debtor's objection to the claim. The court will issue an order consistent with this memorandum.

Dated: December 23, 2009

_/s/ Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

3. Affidavit of Steven G. Kane, attached to Claim No. 13, filed October 27, 2009, ¶4.

- 5 -

## CERTIFICATE OF MAILING

    I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Maria Angwin
3358 Landmark Court
Redding, CA 96003

Fredrick Clement
1300 West Street, #C
Redding, CA 96001

Linh Tran
2101 Fourth Avenue, Suite 900
Seattle, WA 98121

DATE:    DEC 2 3 2009

_____
Deputy Clerk